QUIÑONES, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de San Germán sobre inscripción de un expediente posesorio con defecto subsanable.

No. 265.—Resuelto en marzo 10, 1916.

EXPEDIENTES POSESORIOS—OPOSICIÓN—RESOLUCIONES FIRMES—APELACIÓN—IMPEDIMENTO O ESTOPPEL—DEFECTO SUBSANABLE.—Cuando en la tramitación de un expediente posesorio no ha habido oposición por persona alguna y así lo certifica el secretario de la corte, la resolución aprobando la información nace consentida y es firme antes de vencerse el término dentro del cual pudiera interponerse el recurso de apelación, por estar impedidas (*estopped*) las partes de reclamar contra ella, no constituyendo por tanto, defecto subsanable el que no se haga constar ser firme la resolución a los efectos de la inscripción del expediente en el registro de la propiedad.

ID.—CITACIÓN DE COLINDANTE—SUCESIONES—CORPORACIONES—COLINDANTES.—Un peticionario en expediente posesorio no está en el deber de justificar que las personas citadas como colindantes en su carácter de representantes de una sucesión o corporación eran tales representantes, sino que basta expresar que esas personas tenían dichas representaciones y que con ellas debía entenderse la citación.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Benito Forés.*

El registrador recurrido, Sr. A. Malaret, compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Ante la Corte Municipal de Cabo Rojo promovió información Francisco P. Quiñones y Quiñones para acreditar la pose-

sión en que estaba de cuatro fincas rústicas ubicadas en el término municipal de dicho pueblo, teniendo la primera de ellas, entre otras colindancias, terrenos de la sucesión de Agustín Vega, representada por su viuda Dolores Toro y Cancel, por el norte, y terrenos de la hacienda Enriqueta pertenecientes a The Ensenada Estates, Inc., representada por B. H. Doidge, según así se expresa en el escrito promoviendo la información.

La expresada corte municipal, por resolución de 14 de enero del corriente año 1916, declaró justificada la posesión de las cuatro fincas, ordenando su inscripción en el Registro de la Propiedad de San Germán a favor del promovente, sin perjuicio de tercero de mejor derecho, para lo cual se le entregaría el expediente original.

El Registrador de San Germán verificó la inscripción ordenada en los términos que se expresan en la siguiente nota:

"Inscrito el documento que precede a los folios 66, 71, 74 y 77 del tomo 33 del Ayuntamiento de Cabo Rojo, fincas números 1548, 1549, 1550 y 1551, inscripciones primeras, con el, digo, los defectos subsanables, en cuanto a la primera finca de 8 cuerdas 75 céntimos, de no constar ser firme la resolución de la corte aprobando el expediente, y de no haberse acreditado que B. H. Doidge y Eloísa Toro Cancel, conocida por Dolores, sean los representantes legales, el primero de 'The Ensenada Estates Incorporated,' y la segunda de la Sucesión de Agustín Vega; y respecto a las otras tres fincas, con el primer defecto indicado. San Germán, febrero 1°. de 1916. A. Malaret, Registrador."

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto, y para su mejor resolución ha venido a esta corte original el expediente posesorio que la motivó.

Resulta del expediente que la orden de citación de colindantes fué cumplida haciéndose su notificación personalmente a B. H. Doidge en representación de The Ensenada Estates, Inc., y también personalmente a Eloísa Toro y Cancel, cono-

cida por Dolores. Resulta además que al verificarse la entrega del expediente al interesado en cumplimiento de la resolución ya citada de 14 de enero, certificó el secretario de la corte municipal que durante su tramitación no se había hecho oposición por persona alguna.

En cuanto al defecto que como subsanable se consigna en la nota recurrida, consistente en no constar que sea firme la resolución de la corte municipal aprobando el expediente, opinamos que no existe en el presente caso, dada la circunstancia certificada por el secretario de la corte municipal de no haberse hecho oposición al expediente por persona alguna durante su tramitación.

No ha habido en el expediente más partes que el promovente Francisco P. Quiñones y Quiñones, y el Fiscal de la Corte de Distrito de Mayagüez: el primero en el escrito inicial solicitó que con citación del Fiscal y colindantes, y mediante la prueba que presentaría, se dictara en su día resolución por la corte aprobando el expediente y ordenando su inscripción en el registro; y el Fiscal, entendiendo que se habían cumplido en la tramitación del expediente todos los requisitos legales, manifestó expresamente que nada tenía que oponer a su aprobación.

La resolución de 14 de enero estaba consentida desde su fecha por ambas partes, pues estaban impedidas (*estopped*) de reclamar contra ella, y por tanto era firme antes de que venciera el término dentro del cual pudiera interponerse recurso de apelación por el Fiscal o por cualquiera otra parte que hubiera hecho oposición a la aprobación del expediente, oposición que, repetimos, no ha existido.

Nuestras resoluciones en los casos *Soto* v. *El Registrador,* 15 D. P. R. 612, *Martínez* v. *El Registrador,* 16 D. P. R. 273, y *Porto Rican Leaf Tobacco Co.* v. *El Registrador,* 17 D. P. R. 228, relativas a expedientes de dominio, no son aplicables al presente recurso.

En cuanto al otro defecto apuntado por el registrador de no haberse acreditado la representación atribuída a B. H. Doidge y Eloísa Toro Cancel, conocida por Dolores, opinamos que el recurrente no estaba en el deber de justificar que Doidge y la Toro Cancel fueran respectivamente los representantes de The Ensenada Estates, Inc., y de la Sucesión de Agustín Vega. El peticionario alegó que el uno y la otra tenían tales representaciones, y con ellos debía entenderse la citación acordada, con perjuicio del peticionario, si algún perjuicio podía resultar, y a reserva de que ambos pudieran rechazar la representación que se les atribuía, contra la cual no protestaron.

En el presente caso no se trata de adquirir jurisdicción sobre las personas citadas, en cuyo caso podría quizás levantarse la cuestión promovida por el registrador, sino de cumplir un precepto legal cuyo incumplimiento a nadie más perjudica que al peticionario si resultare que los citados no tienen la representación legal que se les atribuye, aparte de que la aprobación del expediente posesorio se hace siempre sin perjuicio de tercero de mejor derecho, cuyo carácter de terceros tienen todos los colindantes.

Además, si se exigiera la justificación de las representaciones aludidas, podría llegarse también a la conclusión de que igualmente se justificara que los citados como colindantes eran tales colindantes, conclusión abiertamente contraria a la letra y espíritu de la ley.

Por las razones expuestas es de revocarse la nota recurrida en cuanto a los defectos subsanables en ella consignados.

*Revocada la nota recurrida en cuanto a los defectos subsanables que contiene.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.